Mohammed M. **MOOSAVI**, Appellant,

v.

**FAIRFAX COUNTY BOARD OF EDUCATION**, Appellee.

No. 80–1283.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1981.

Decided Dec. 10, 1981.

E. William Tupling, Washington, D. C., for appellant.

Randolph W. Church, Jr., Fairfax, Va. (Thomas J. Cawley, McCandlish, Lillard, Church & Best, Fairfax, Va., on brief), for appellee.

Before WINTER, Chief Judge, HAYNS-WORTH, Senior Circuit Judge, and RUS-SELL, Circuit Judge.

DONALD RUSSELL, Circuit Judge:

This is an appeal from the dismissal of a Title VII discrimination case, 42 U.S.C. § 2000e *et seq.*, on the ground that a judgment in a prior state action involving the same defendant and plaintiff and presenting the same dispositive ultimate issue precluded relitigation of the issues resolved in that state action. We affirm.

The facts giving rise to this suit are substantially uncontested. Appellant Mohammed M. Moosavi, an Iranian-born naturalized American citizen, began employment in a part-time capacity for Appellee Fairfax County Board of Education (Board) in 1970. In 1972, Moosavi applied for, and was denied, full-time employment. He filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that the Board had discriminated against him on the basis of his national origin. While that charge was pending with the EEOC, Moosavi filed a *pro se* complaint in the Circuit Court of Fairfax County, Virginia, seeking both injunctive relief and monetary damages. In his complaint the plaintiff asserted as his sole basis for relief the Board's allegedly discriminatory denial of a grant of full-time employment to him because of his national origin. Discovery ensued and the case was tried on its merits before the Court. Moosavi, proceeding *pro se*, presented his evidence on the alleged discrimination. At the conclusion of the plaintiff's presentation, defendant made a motion for judgment in its favor on the ground that the evidence failed to establish discrimination on account of plaintiff's national origin. The Circuit Court granted that motion, finding that Moosavi had not shown that discrimination had in fact occurred. The Virginia Supreme Court denied review of the judgment because Moosavi failed timely to file his brief.

Subsequent to the dismissal of the state court action, the EEOC found reasonable cause to believe that a discriminatory act had occurred, and issued a right to sue letter. Moosavi thereupon brought the present Title VII action in federal district court. The district court dismissed the action, finding that the Title VII action was barred by the prior state court judgment. While the district court's opinion was perhaps vague on whether it considered *res judicata* or collateral estoppel to be the precise preclusion doctrine barring the action, it found that the issue of whether discrimination had occurred could not be relitigated because of the prior state court judgment resolving that ultimate issue.

We find this decision of the district court to be correct. In both the state action and the federal Title VII action of the plaintiff against the defendant, the ultimate dispositive factual issue was the same: Had the plaintiff been discriminatorily denied permanent employment because of his national origin? That issue was resolved against the appellant after a full hearing and trial in the state court action. Such resolution of the issue in a court of competent jurisdiction in an action begun by the appellant against the defendant precludes the subsequent relitigation of that issue in any action between the same parties, whether in a state or a federal court. Bound under collateral estoppel principles by the adverse decision of the prior state court on the dispositive factual issue whether there had

been discrimination on account of his racial origin in the denial of permanent employment to the appellant by the appellee Board, there was no factual basis on which the plaintiff might prevail in his Title VII action and the district court did not err in dismissing that action. *Nash Cty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 359, 70 L.Ed.2d 188; *see, also, Azalea Drive-In Theatre, Inc. v. Hanft,* 540 F.2d 713, 715 (4th Cir.), *cert. denied,* 430 U.S. 941, 97 S.Ct. 1571, 51 L.Ed.2d 787 (1977) ("Under established principles of collateral estoppel, any issue of ultimate fact which was actually litigated and necessarily determined in a prior action cannot again be litigated between the same parties").[1]

Accordingly, for the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**1.** This case is different from *Kremer v. Chemical Const. Corp.*, 623 F.2d 786 (2d Cir. 1980), *cert. granted,* —— U.S. ——, 102 S.Ct. 382, 70 L.Ed.2d 203 (1981), and *Sinicropi v. Nassau Cty.*, 601 F.2d 60, 62 (2d Cir. 1979). In both of those cases, the claim on which the federal action was predicated had been raised before and settled by the decision of an administrative board. That administrative decision was reviewable judicially, but only for substantiality of evidence, arbitrariness or capriciousness; there was no power in the reviewing court to conduct a *de novo* inquiry into the merits. In this case, on the contrary, the appellant's state action represented a *de novo* judicial proceeding, with all the rights and safeguards normally available in a judicial proceeding.

*See also* Jackson, Matheson and Piskorski, *The Proper Role of Res Judicata and Collateral Estoppel in Title VII Suits,* 79 Mich.L.Rev. 1485, 1519–20 (1981).